# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| **Federal National Mortgage Association** | CIVIL ACTION NO: |
| Plaintiff | COMPLAINT |
| vs. | RE:<br>Wyman Road, Milbridge, ME 04658<br>Mortgage:<br>November 27, 2002 |
| **John J. Butler III and Sandra E. Butler** | Book 2948, Page 211 |
| Defendants | Affidavit of Lost Mortgage |

NOW COMES the Plaintiff, Federal National Mortgage Association, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, John J. Butler III and Sandra E. Butler, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Federal National Mortgage Association, in which the Defendants, John J. Butler III and Sandra E. Butler, are the obligor and the total amount owed under the terms of the Note is Ninety-Eight Thousand Thirty-One and 36/100 ($98,031.36) Dollars, plus attorney fees and costs

associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Federal National Mortgage Association is a corporation with its principal place of business located at 14221 Dallas Parkway, Suite 1000, Dallas, TX 75254.

5. The Defendant, John J. Butler III, is a resident of Chico, County of Butte and State of California.

6. The Defendant, Sandra E. Butler, is a resident of Cottonwood, County of Shasta and State of California.

## FACTS

7. On September 12, 2000, by virtue of a Warranty Deed from Rebecca Sargent, Trustee of the Vilora C. Wilson Revocable Trust - 1996, which is recorded in the Washington County Registry of Deeds in **Book 2458, Page 267**, the property situated at Wyman Road, County of Washington, and State of Maine, was conveyed to the Defendants, John J. Butler III and Sandra E. Butler, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

8. On November 27, 2002, the Defendants, John J. Butler III and Sandra E. Butler, executed and delivered to Quicken Loans Inc. a certain Note in the amount of $98,300.00. Defendants, John J. Butler III and Sandra E. Butler's personal liability is limited and/or

extinguished by the Chapter 7 bankruptcy filed which resulted in a bankruptcy discharge. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

9. To secure said Note, on November 27, 2002, the Defendants executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Quicken Loans Inc., securing the property located at Wyman Road, Milbridge, ME 04658 which Mortgage Deed is recorded in the Washington County Registry of Deeds in **Book 2948**, **Page 210**. *See* Exhibit C (a true and correct copy of the Affidavit of Lost Mortgage is attached hereto and incorporated herein).

10. The Mortgage was then assigned to Bank of America, N.A. by virtue of an Assignment of Mortgage dated March 2, 2015 and recorded in the Washington County Registry of Deeds in **Book 4135**, **Page 171**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

11. The Mortgage was further assigned to Federal National Mortgage Association by virtue of a Corrective Assignment dated June 5, 2015 and recorded in the Washington County Registry of Deeds in **Book 4158**, **Page 63**. *See* Exhibit E (a true and correct copy of the Corrective Assignment is attached hereto and incorporated herein).

12. The Mortgage was further assigned to Federal National Mortgage Association by virtue of a Quitclaim Assignment dated April 13, 2018 and recorded in the Washington County Registry of Deeds in **Book 4457**, **Page 29**. *See* Exhibit F (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

13. The Mortgage was affected by a Partial Discharge of Mortgage dated March 11, 2016 and recorded in the Washington County Registry of Deeds in **Book 4239, Page 174**. *See* Exhibit G (a true and correct copy of the Partial Discharge of Mortgage is attached hereto and incorporated herein).

14. On March 22, 2019, the Defendants, John J. Butler III and Sandra E. Butler, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter").  Defendants, John J. Butler III and Sandra E. Butler's personal liability is limited and / or extinguished by the Chapter 7 bankruptcy filed which resulted in a bankruptcy discharge.  *See* Exhibit H (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

15. The Demand Letter informed the Defendants, John J. Butler III and Sandra E. Butler, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter.  *See* Exhibit H.

16. The Defendants, John J. Butler III and Sandra E. Butler, failed to cure the default prior to the expiration of the Demand Letter.

17. The Plaintiff, Federal National Mortgage Association, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

18. The Plaintiff, Federal National Mortgage Association, is the lawful holder and owner of the Note and Mortgage.

19. The Plaintiff, Federal National Mortgage Association, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 were strictly performed.

20. The total debt owed under the Note and Mortgage as of May 17, 2019 is Ninety-Eight Thousand Thirty-One and 36/100 ($98,031.36) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $51,475.89 |
| Interest | $22,808.19 |
| Escrow Advance | $15,366.54 |
| Late Fees | $971.74 |
| Deferred Legal Fees | $2,710.00 |
| Corporate Advance | $4,699.00 |
| Grand Total | $98,031.36 |

21. Upon information and belief, the Defendants, John J. Butler III and Sandra E. Butler, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

22. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 21 as if fully set forth herein.

23. This is an action for foreclosure respecting a real estate related Mortgage and title located at Wyman Road, Milbridge, County of Washington, and State of Maine.  *See* Exhibit A.

24. The Plaintiff, Federal National Mortgage Association, is the holder of the Note referenced in Paragraph 8 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).  As such, Plaintiff, Federal National Mortgage Association, has the right to foreclosure upon the subject property.

25. The Plaintiff, Federal National Mortgage Association, is the current owner and investor of the aforesaid Mortgage and Note.

26. The Defendants, John J. Butler III and Sandra E. Butler, are presently in default on said Mortgage and Note, having failed to make the monthly payment due August 1, 2011, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

27. The total debt owed under the Note and Mortgage as of May 17, 2019 is Ninety-Eight Thousand Thirty-One and 36/100 ($98,031.36) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $51,475.89 |
| Interest | $22,808.19 |
| Escrow Advance | $15,366.54 |
| Deferred Late Fees | $971.74 |
| Legal Fees | $2,710.00 |
| Corporate Advance | $4,699.00 |
| Grand Total | $98,031.36 |

28. The record established through the Washington County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

29. By virtue of the Defendants' breach of condition, the Plaintiff hereby demands a foreclosure on said real estate, as affected by Defendants, John J. Butler III and Sandra E. Butler's discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendants, John J. Butler III and Sandra E. Butler, but only seeks in rem judgment against the property.

30. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendants, John J. Butler III and Sandra E. Butler, on March 22, 2019, evidenced by the Certificate of Mailing. *See* Exhibit H.

31. The Defendants, John J. Butler III and Sandra E. Butler, are not in the Military as evidenced by the attached Exhibit I.

32. If you are in bankruptcy or received a bankruptcy discharge of this debt, this is not an attempt to collect the debt against you personally, but is notice of a possible enforcement of the lien against the collateral property.

PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Federal National Mortgage Association, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322, as affected by Defendants, John J. Butler III and Sandra E. Butler's discharge in bankruptcy and, accordingly, this action **does not** seek any personal liability on the part of the Defendants, but only seeks in rem judgment against the property;

b) Grant possession to the Plaintiff, Federal National Mortgage Association, upon the expiration of the period of redemption;

c) Find that the Defendants, John J. Butler III and Sandra E. Butler, are in breach of the Note by failing to make payment due as of August 1, 2011, and all subsequent payments;

d) Find that the Defendants, John J. Butler III and Sandra E. Butler, are in breach of the Mortgage by failing to make payment due as of August 1, 2011, and all subsequent payments;

e) For such other and further relief as this Honorable Court deems just and equitable.

                                                Respectfully Submitted,
                                                Federal National Mortgage Association,
                                                By its attorneys,

Dated: May 14, 2019

                                                <u>/s/ John A. Doonan, Esq.</u>
                                                <u>/s/ Reneau J. Longoria, Esq.</u>
                                                John A. Doonan, Esq., Bar No. 3250
                                                Reneau J. Longoria, Esq., Bar No. 5746
                                                Attorneys for Plaintiff
                                                Doonan, Graves & Longoria, LLC
                                                100 Cummings Center, Suite 225D
                                                Beverly, MA 01915
                                                (978) 921-2670
                                                JAD@dgandl.com
                                                RJL@dgandl.com