UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN J. BUTLER III et al.,<br><br>    Defendants. | Docket No. 1:19-cv-00218-JAW |

**ORDER ON MOTION FOR SERVICE BY PUBLICATION**

The Court dismisses without prejudice a mortgagee's motion for service by publication because the mortgagee has not demonstrated that it has exhausted other means more likely to locate the mortgagor and achieve notice.

**I. BACKGROUND**

On May 14, 2019, Federal National Mortgage Association (FNMA) filed a complaint for foreclosure against John J. Butler III and Sandra E. Butler. *Compl.* (ECF No. 1). It took FNMA months to file affidavits of service; however, on May 31, 2019, FNMA served John Butler and on August 29, 2019, Sandra Butler. *Aff. of Service* (ECF No. 6); *Aff. of Service* (ECF No. 15). The case proceeded in the ordinary course until July 3, 2020, when the Court issued an order, outlining the procedural developments in the case and noting that FNMA's Complaint failed to demand a sale with the foreclosure, and wondering whether FNMA needed to file an amended complaint. *Order on Mot. to Continue and Order to Show Cause* at 1-5 (ECF No. 21). On August 7, 2020, FNMA filed a response to the order to show cause and amended

complaint. *Resp. to Order to Show Cause* (ECF No. 26); *Am. Compl.* (ECF No. 28). On the same day, the Court issued summonses against John Butler and Sandra Butler, the mortgagors. *Summons* (ECF No. 30). FNMA quickly served Mr. Butler on August 17, 2020, *Aff. of Serv.* (ECF No. 31), and on October 2, 2020, it served Ms. Butler. *Aff. of Serv.* (ECF No. 38). The case seemed to be ready to proceed.

However, after Mr. Butler moved to dismiss for lack of jurisdiction, on October 19, 2020, FNMA moved again to amend its complaint in order to "clarif[y] jurisdiction." *Pl.'s Mot. for Leave to File Second Am. Compl., Opp'n to Mot. to Dismiss* (ECF No. 40). On November 16, 2020, the Court granted FNMA's motion to amend its complaint, *Order* (ECF No. 48), and on November 19, 2020, FNMA filed its Second Amended Complaint. *Second Am. Compl.* (ECF No. 49). The Second Amended Complaint made express allegations about two bankruptcies that FNMA alleged both John Butler and Sandra Butler filed in the Eastern District of California. *Id.* Through counsel, Mr. Butler answered the Second Amended Complaint on June 27, 2022. *Corrected Answer to Second Am. Compl.* (ECF No. 60). FNMA had not, however, served Ms. Butler with the Second Amended Complaint and since the spring of 2020, its failure to do so has been the subject of multiple filings.

On June 27, 2022, the Court issued a status order, raising the issue of service of the Second Amended Complaint on Sandra Butler. *Order to Clarify Case Status* (ECF No. 58). The upshot is that after multiple orders to show cause and extensions, FNMA has not yet served Sandra Butler with a copy of the Second Amended Complaint. *Resp. to Ct's Order to Clarify Case Status [ECF No. 58]* (ECF No. 61);

2

*Order* (ECF No. 62); *Order to Show Cause* (ECF No. 63); *Mot. to Extend Time to Effectuate and File Serv. as to Def., Sandra E. Butler* (ECF No. 64); *Resp. to Ct.'s Order to Show Cause [ECF No. 63]* (ECF No. 65); *Order Dismissing Order to Show Cause and Granting Mot. to Extend Time* (ECF No. 66); *Order to Show Cause* (ECF No. 67); *Mot. to Extend Time to Effectuate and File Serv. as to Def., Sandra E. Butler* (ECF No. 68); *Resp. to Order to Show Cause [ECF No. 67]* (ECF No. 69); *Order* (ECF No. 70); *Mot. to Extend Time to Effectuate and File Serv. as to Def., Sandra E. Butler* (ECF No. 71); *Order* (ECF No. 72); *Order to Show Cause* (ECF No. 73); *Resp. to Order to Show Cause* (ECF No. 75); *Aff. of Reneau J. Longoria, Esq.* (ECF No. 76). On January 3, 2023, FNMA moved to serve Ms. Butler by publication. *Mot. for Alternate Serv. by Publication* (ECF No. 74) (*Pl.'s Mot.*).

## II.   FNMA's MOTION FOR SERVICE BY PUBLICATION

In its motion, FNMA represents that it attempted to serve Ms. Butler at four separate addresses in San Diego, California but without success. *Id.* at 1-2. FNMA received information that Ms. Butler might be living near or with her son, Patrick, in North Carolina. *Id.* at 2. It states that "[s]everal calls were placed to a Patrick Butler at the address obtained in North Carolina to no avail." *Id.* Contact was made with Ms. Butler's son in Jacksonville, North Carolina, and he said his mother had moved to Washington, D.C. but did not provide any contact information. *Id.*

FNMA performed a LexisNexis Accurint/RISK search, which suggested that Ms. Butler has another son, Andrew Butler, who lives in California. *Id.* Attorney Longoria spoke with Andrew Butler, but he said he did not know where his mother

3

was and that Patrick Butler might have more information. *Id.* Attorney Longoria has attempted to contact Patrick Butler by telephone but has been unsuccessful. *Id.*

FNMA has asked Attorney Thomas Cox, attorney for John Butler, the ex-husband of Sandra Butler, co-mortgagor, and co-defendant, for information about Ms. Butler, but Mr. Butler had no information about the whereabouts of his ex-wife. *Id.* at 2-3.

FNMA explored two phone numbers and one was not in service and the other a voicemail was left but not answered. *Id.* at 3.

FNMA's LexisNexis Accurint/RISK search using Ms. Butler's social security number and driver's license information found no records. *Id.*

FNMA has represented that it searched LinkedIn and Facebook but due to the commonality of Ms. Butler's name, it could not narrow down the results of these searches. *Id.*

FNMA has entered into a cash for consent agreement with Mr. Butler and would be willing to extend to her the same option, if she could be located. *Id.* at 3-4.

## III. DISCUSSION

"Under Federal Rule of Civil Procedure 4(e), service may be accomplished by delivering a copy of the summons and the complaint to the individual personally, leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, [or] delivering a copy to an agent authorized by appointment or by law to receive service of process." *Fannie Mae v. Andry*, No. 2:19-cv-00065-JAW, 2019 U.S. Dist. LEXIS 221006, at *1-2 (D. Me. Dec.

4

26, 2019) (quoting *Edson v. Riverside Psychiatric Ctr.*, No. 1:16-cv-00079-JAW, 2016 U.S. Dist. LEXIS 76284, at *5 (D. Me. June 13, 2016)). "Service may also be accomplished 'by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district [court] is located or where service is made.'" *Andry*, 2019 U.S. Dist. LEXIS 221006, at *2 (quoting *Edson*, 2016 U.S. Dist. LEXIS 76284, at *5).

Maine law allows service by alternate means "on motion upon a showing that service cannot with due diligence be made by another prescribed method[.]" *Andry*, 2019 U.S. Dist. LEXIS 221006, at *2 (quoting ME. R. CIV. P. 4(g)(1)). To serve a complaint by publication, Maine Rule of Civil Procedure requires that the movant demonstrate that "service cannot with due diligence be made by another prescribed method." ME. R. CIV. P. 4(g)(1). "To meet that standard, the movant must provide 'a draft, proposed order to provide the requested service by alternative means,' containing the content specified in Rule (4)(g)(2), as well as an affidavit showing that (i) the movant 'has demonstrated due diligence in attempting to obtain personal service of process in a manner otherwise prescribed by Rule 4 or by applicable statute[,]' (ii) '[t]he identity and/or physical location of the person to be served cannot reasonably be ascertained, or is ascertainable but it appears the person is evading process[,]' and (iii) '[t]he requested method and manner of service is reasonably calculated to provide actual notice of the pendency of the action to the party to be served and is the most practical manner of effecting notice of the suit.'" *Andry*, 2019 U.S. Dist. LEXIS 221006, at *2-3 (quoting ME. R. CIV. P. 4(g)(1)-(2)).

In interpreting this rule, the Maine Supreme Judicial Court has observed that, because of societal and technological changes, "service by publication has become less likely to achieve actual notice of a lawsuit" and, therefore, "also less likely to meet the requirements of due process." *Gaeth v. Deacon*, 2009 ME 9, ¶ 26, 964 A.2d 621, 628. As such, the Maine Law Court stated, "service by publication in a newspaper is now a last resort that a party should attempt only when it has exhausted other means more likely to achieve notice." *Id.* "Both the United States and Maine Constitutions require that, as a basic element of due process, any defendant against whom suit is commenced is entitled to notice reasonably calculated to give actual notice, and a reasonable opportunity to respond to the action." *Id.* ¶ 23.

In view of the obsolete nature of service by publication and due process concerns, the judges of this District have been extremely reticent about approving service by publication. *Wilmington Trust, N.A. v. Houle*, 1:21-cv-00078-NT, 2022 U.S. Dist. LEXIS 30737 (D. Me. Feb. 21, 2022) (denying motion for service by publication); *U.S. Bank Trust, N.A. v. Plummer*, No. 2:20-cv-00171-DBH, 2021 U.S. Dist. LEXIS 28502 (D. Me. Feb. 16, 2021) (same); *U.S. Bank Trust, N.A. v. Dunton*, No. 1:20-cv-00098-LEW, 2021 U.S. Dist. LEXIS 184382 (D. Me. Sept. 27, 2021) (same); *U.S. Bank Trust, N.A. v. Farrar*, No. 2:19-cv-00129-JDL, 2019 U.S. Dist. LEXIS 221004 (D. Me. Dec. 26, 2019) (same); *Camden Nat'l Bank v. Reid*, No. 2:13-cv-376-DBH, 2014 U.S. Dist. LEXIS 41675 (D. Me. Mar. 28, 2014) (same); *but see Castillo v. Brown*, 2:20-cv-00243-JAW, 2020 U.S. Dist. LEXIS 214875 (Nov. 17, 2020) (granting motion for

service by publication); *Bank of N.Y. Mellon v. Johnson*, 2:20-cv-0065-JAW, 2021 U.S. Dist. LEXIS 177971 (D. Me. Sept. 16, 2021) (same).

The case of *Federal National Mortgage Association v. Andry*. No. 2:19-cv-00065-JAW, is instructive. In *Andry*, Attorney Longoria, representing the same lender, moved for service by publication, asserting that FNMA had been unable to perfect service upon Linda Ball and expressing the view that she was evading service of process. *Id.*, *Mot. for Alternate Serv. via Publication upon Def., Linda A. Ball* at 1-2 (ECF No. 76). On April 26, 2022, the Court rejected the motion. *Id.*, *Order on Mot. for Serv. by Publication* (ECF No. 77). The Court observed that "[i]n the Court's experience, competent private investigators are extremely adept at finding people who do not want to be found" and the Court suspected that "a private investigator worth his or her salt will be able to locate Ms. Ball despite her apparent efforts to go to ground." *Id.* at 5. On June 3, 2022, a private investigator hired by FNMA was successful in serving Ms. Ball with a summons. *Id.*, *Proof of Serv.* (ECF No. 82). The case then proceeded rapidly to default, hearing, and judgment of foreclosure and sale, confident that neither Ms. Ball nor others could challenge the validity of the judgment. *Id. J. of Foreclosure and Sale* (ECF No. 106).

What is absent from FNMA's motion here is any reference to a private investigator. In *Andry* and other District of Maine cases, the judges have typically required that the party moving for service by publication, particularly in foreclosure cases where the person being sought is a former customer of the financial institution, demonstrate that it has hired a competent private investigator and the private

7

investigator's efforts to locate the person have been unsuccessful. *Farrar*, 2019 U.S. Dist. LEXIS 221004, at *7 ("U.S. Bank Trust . . . did not hire a private investigator to continue the search for him"); *Plummer*, 2021 U.S. Dist. LEXIS 28502, at *6 (finding that although the mortgagee hired a private investigator, the effort to locate the mortgagor was not sufficient); *Papkee v. Mecap, LLC*, No. 2:20-cv-00006-DBH, 2020 U.S. Dist. LEXIS 80776, at *5 (D. Me. May 7, 2020) ("Attorney Hansen subsequently retained Joseph Thornton, a private investigator, to assist in locating and serving Mr. Lalumiere"); *Chase v. Merson*, No. 2:18-cv-00165-NT, 2018 U.S. Dist. LEXIS 144109, at *11 (D. Me. Aug. 24, 2018) ("Finally, the plaintiff did not avail himself of the services of a private investigator"); *Reid*, 2014 U.S. Dist. LEXIS 41675, at *4 ("[T]he plaintiff has not shown that [it] . . . engag[ed] a private investigator').

Here, FNMA has observed that it would be willing to pay Ms. Butler the same cash for consent award that it has agreed to pay Mr. Butler. If Ms. Butler were to learn through whatever means that if she appears and is served, she may well receive a cash award, she might well make herself available.

## IV.  CONCLUSION

The Court DISMISSES without prejudice Federal National Mortgage Association's Motion for Alternate Service by Publication (ECF No. 74).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 8th day of March, 2023